UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09698-WLH-MAA | Date | December 9, 2025 |
|---|---|---|---|
| Title | *Bryan G. Dods et al v. Kido Sports Co., Ltd. et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND [26]**

The Court is in receipt of Plaintiffs' Motion to Remand (the "Motion"). (Mot. for Remand ("Mot."), Dkt. No. 26). When filing this Motion, Plaintiffs failed to comply with Local Rule 7-3, to which the Court expects strict adherence. Rule 7-3 requires parties to meet and confer prior to filing a motion, and to certify their compliance with the Rule in the motion itself.[1]

For that reason, the Court **ORDERS** Plaintiffs' Motion stricken. *See, e.g., Hand & Nail Harmony, Inc. v. ABC Nail and Spa Prods.*, No. SA CV 16-069-DOC-JEM, 2016 WL 9223783, at *2 (C.D. Cal. August 8, 2016) ("The Court may, in its discretion, refuse to consider a motion for failure to comply with Local Rule 7-3."). The hearing

---

[1] *See* Local Rule 7-3 (requiring "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on (date).'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

calendared for December 12, 2025, is **VACATED**, and the matter taken off calendar.[2]

The Court further **ORDERS** the hearing on Defendants' Motion to Transfer Venue (Dkt. No. 42) continued to January 30, 2026 at 1:30 p.m.

**IT IS SO ORDERED.**

---

[2] The Court recognizes Plaintiffs' concern with the 30-day deadline for motions to remand on the basis of any defect other than lack of subject matter jurisdiction as enumerated in 28 U.S. Code § 1447 (*see* Motion at 2), but that does not absolve them of their obligations under the Local Rules. Because Plaintiffs' remand arguments essentially center on defects in diversity jurisdiction (subject matter jurisdiction), they are free to file another motion once they have properly met and conferred with Defendant's counsel.